IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


JULIAN ANDREW DIAZ, #28061-177                                    PETITIONER

VERSUS                                    CIVIL ACTION NO. 5:10-cv-4-DCB-MTP

BRUCE PEARSON, Warden FCI-Yazoo                                    RESPONDENT

MEMORANDUM OPINION

      This cause comes before this court on petitioner's response [5] filed on May 26, 2010.

The petitioner is presently incarcerated in the Federal Correctional Center, Yazoo City,

Mississippi.  He filed the instant civil habeas action pursuant to 28 U.S.C. § 2241 on January

19, 2010.  Upon a review of the record of the instant civil habeas action and the Public

Access to Court Electronic Records (PACER) Case Locator, this Court finds as discussed

below that the instant habeas petition is duplicative of the petitioner's pending civil habeas

action in the United States District Court for the Northern District of Texas, Luddock

Division in Diaz v. United States, case number 5:08-cv-0224-C (N.D. Tex. Mar. 12, 2009).

Background

      The petitioner brings the instant civil habeas action requesting that the federal

sentence he is presently serving be credited with the time he spent at liberty.  The petitioner

claims that he was erroneously released from the Texas Department of Corrections on August

13, 2003.  Moreover, he was not taken into custody by the United States Marshal Service

until March 7, 2007.  Therefore, he argues that his federal sentence should be credited with

the time he spent at liberty which is August 13, 2003, until March 7, 2007.

<u>Discussion</u>

A review of the docket entries, pleadings and court documents filed in <u>Diaz v. United States</u>, 5:08-cv-0224-C (N.D. Tex. Mar. 12, 2009)[1] it is clear that the issue presented in the instant civil habeas action is presently pending before the United States District Court for the Northern District of Texas. When a civil action is duplicative of another action filed in federal court, the district court may dismiss such action. See <u>Remington Rand Corp. v. Bus. Sys. Inc.</u>, 830 F.2d 1274, 1275-76 (3rd Cir. 1987)(quoting <u>Landis v. N. Amer. Co.</u>, 299 U.S. 248 (1936); <u>see also</u> <u>Chrysler Credit Corp. v. Marino</u>, 63 F.3d 574, 578 (7th Cir. 1995) ("A federal suit may be dismissed for 'reason of wise judicial administration ... whenever it is duplicative of a parallel action already pending in another federal court.' " (quoting <u>Serlin v. Arthur Andersen & Co.</u>, 3 F.3d 221, 223 (7th Cir. 1993)). Therefore, this Court after a review and comparison of the pleadings filed in the instant civil habeas action and <u>Diaz v. United States</u>, 5:08-cv-0224-C (N.D. Tex. Mar. 12, 2009) has determined that the instant civil habeas action is the same as the petitioner's pending habeas action in the United States District Court for the Northern District of Texas. Consequently, the instant civil habeas action it will be dismissed without prejudice as duplicative.

This the ___2nd___ day of July, 2010.


_____s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE

---

[1]The information relating to the documents and pleadings filed in <u>Diaz v. United States</u>, 5:08-cv-0224-C (N.D. Tex. Mar. 12, 2009) was obtained through PACER.